NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NORTH JERSEY CENTER FOR SURGERY, P.A., | ) ) ) | Hon. Harold A. Ackerman |
| Plaintiff, | ) ) | Civ. Action No. 07-4812 (HAA) |
| v. | ) ) | **OPINION & ORDER** |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., | ) ) ) | **ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Defendant. | ) ) |  |

Jeffrey B. Randolph, Esq.
LABADY & RANDOLPH, LLC
700 Kinderkamack Road, Suite 207
Oradell, New Jersey 07649
*Attorneys for Plaintiff North Jersey Center for Surgery*

Edward S. Wardell, Esq.
WARDELL, CRAIG, ANNIN & BAXTER, LLP
41 Grove Street
Haddonfield, New Jersey 08033
*Attorneys for Defendant Horizon Blue Cross Blue Shield of New Jersey*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on a motion (Doc. No. 4) by Plaintiff North Jersey Center for Surgery (NJCS) to remand this case to the Superior Court of New Jersey, Sussex County, Law Division, pursuant to 28 U.S.C. § 1447(c). Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") removed the action to this Court and now opposes remand. This Court referred the motion to Magistrate Judge Esther Salas, who entered a Report and Recommendation (R&R) August 7, 2008 (Doc. No. 6) suggesting that this Court grant Plaintiff's

motion to remand. The docket indicates that both parties received the R&R and that Horizon timely filed an objection. Accordingly, the Court must make a *de novo* determination of those portions of the R&R to which objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). After careful review of the record, the R&R, and Horizon's objections, the Court agrees with Magistrate Judge Salas's reasoning and conclusions and will grant Plaintiff's motion.

## I. BACKGROUND

This case involves a dispute between healthcare and health insurance providers. NJCS operates a one-room surgery center with ambulatory services in New Jersey. Horizon is a non-profit health services corporation that provides insurance to persons receiving benefits under the New Jersey State Health Benefits Plan (NJHBP) and Small Employer Health Benefits Plan (SEHBP). Horizon acts as a conduit between doctors and patients by establishing a network wherein the healthcare providers agree to receive reduced rates for services in exchange for a steady flow of patient referrals. Additionally, Horizon reimburses "out-of-network" healthcare providers—those that do not have a contract with Horizon—for services rendered on behalf of its subscribers.

Plaintiff claims that it performed services as an "out-of-network" provider for patients insured by Horizon. In order to streamline the billing process so that it could bill Horizon directly, it appears that NJCS had its patients sign contracts assigning the surgery center "their rights under their [health insurance contracts] with Horizon." (*See* Compl. at ¶ 13.) NJCS alleges that Horizon did not honor the obligations of its insurance contracts and filed suit in state court.

NJCS's August 22, 2007 Complaint asserted six claims against Horizon: breach of contract; failure to act in good faith; tortious interference with prospective economic advantage; interference with contract; interest on overdue claims under N.J. Stat. Ann. § 17B:26-9.1; and improper basis for reimbursement rates in violation of N.J. Stat. Ann. § 17B:30-13.1(f). Horizon removed the case to this Court October 4, 2007, premising federal question jurisdiction under 28 U.S.C. § 1331 on the theory that § 502 of the Employee Retirement Income Security Act (ERISA) preempted Plaintiff's claims.

Upon referral, Magistrate Judge Salas recommended remanding the case to state court because Horizon failed to demonstrate that NJCS could have originally filed the claim in federal court under ERISA.  Magistrate Judge Salas found that Horizon did not meet its burden to show the jurisdictional requirements outlined in *Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004).  Defendant objects that Plaintiff's admissions in its Complaint obviated the *Pascack* jurisdictional threshold, lest it would have to contradict its own defense.

**II. DISCUSSION**

Section 1441 of Title 28 of the U.S. Code provides for removal of a civil action filed in state court if, *inter alia*, the plaintiff's claim confers jurisdiction upon the federal district court. At issue in this case is whether Plaintiff's claim presents a federal question under 28 U.S.C. § 1331.  The Supreme Court has long held this provision to require the plaintiff to demonstrate the federal nature of the claim on the face of the complaint.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citation omitted) (referring to the "well-pleaded complaint rule" as "the basic principle marking the boundaries of federal question jurisdiction of the federal district court");

*Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

As the party seeking to assert federal jurisdiction, the removing defendant bears the burden of proving the availability of federal jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Defendant cannot rely on its expected federal law defenses; *Mottley* and subsequent cases rejected the notion that anticipated federal law defenses could confer subject matter jurisdiction upon the federal courts by focusing the inquiry on the nature of plaintiff's complaint. *Mottley*, 211 U.S. at 152; *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983). Among these defenses, the Court recognized that the defense of federal preemption does not satisfy the "well-pleaded complaint rule." *Metro. Life Ins. Co.*, 481 U.S. at 63.

Here, NJCS presents no federal questions on the face of its Complaint. Its six claims all sound in state law, and Defendant does not suggest otherwise. Instead, Horizon relies upon an exception to the "well-pleaded complaint rule"—complete preemption. The doctrine of complete preemption, contrary to its name, does not refer to the foreclosure of state law claims by federal law under the Supremacy Clause of Article VI of the Constitution. Unlike the federal law defense of preemption, complete preemption is a jurisdictional principle, wherein Congress's extra-special treatment of a particular area of law implicitly transforms state law claims in that genre into a federal cause of action. *Lazorko v. Penn. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000) (citing *Metro. Life Ins.*, 481 U.S. at 63–64). Therefore, complete preemption permits removal even where no federal question appears on the face of the complaint. *Id.*

Complete preemption attaches to § 502 of ERISA, 29 U.S.C. § 1132, the civil enforcement provision of the statute. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004);

4

*Metro. Life Ins.*, 481 U.S. at 67.  Thus, any cause of action within the scope of § 502 is treated as a federal claim and is therefore removable to federal court.  *Davila*, 542 U.S. at 209.  Yet the defendant still bears the burden of proving that complete preemption applies to plaintiff's claims.  To do this, the Third Circuit in *Pascack* held that a defendant must prove two things: (1) that plaintiff originally could have brought the claim under § 502, and (2) "no other legal duty supports [the] claim."  388 F.3d at 400 (citing *Davila*, 542 U.S. at 210).

  Standing to sue under § 502 extends to participants in or beneficiaries of ERISA plans.  29 U.S.C. § 1132(a).  In line with the other circuit courts that have addressed the issue, courts in this District have also found that an assignee of a plan participant would have derivative standing to sue under § 502(a).  *See, e.g.*, *Wayne Surgical Center, LLC v. Concentra Preferred Sys., Inc.*, No. 06-928, 2007 WL 2416428, at *4 (D.N.J. Aug. 20, 2007) (Ackerman, J.).  The parties do not dispute that the health insurance plans at issue are governed by ERISA, nor do they dispute that NJCS is not a direct participant or beneficiary of those ERISA plans.  Thus, applying the *Pascack* test and in accordance with the *Wayne Surgical* holding, the burden falls on Horizon to establish that NJCS has a valid assignment of benefits from Horizon's plan participants.

  Magistrate Judge Salas correctly concluded that Horizon failed to establish that NJCS could have brought its contract claims under ERISA.  In fact, Horizon expressly rejects that NJCS has a valid assignment of benefits on the basis of an anti-assignment provision in its health insurance plans.  Instead, it argues that Plaintiff's assertion of an assignment in its Complaint should suffice for the *Pascack* removal inquiry because NJCS "continues to pursue its claims as the alleged assignee of ERISA plan beneficiaries."  (Def. Opp. Br. at 9.)  Defendant bases its argument on statements made in ¶¶ 13 and 19 of the Complaint, which appear to assert (i) a

common practice of non-network providers to have assignment agreements with their patients so that the healthcare provider can directly bill the insurance company (Compl. at ¶ 13,) (ii) that such assignments establish privity of contract between the provider and insurer (Compl. at ¶ 13,) and (iii) that NJCS is an "assignee[] and/or third-party beneficiary of the contracts of health insurance between [its] patients who are Horizon subscribers and Horizon" (Compl.at ¶ 19.) Horizon points to, and the Court is aware of, no cases holding that a plaintiff's statements in its complaint could satisfy a *defendant's* burden of establishing jurisdiction for the purposes of removal.  Indeed, Defendant's position presents an unusual legal question.  Defendant argues that NJCS's claim is inherently a federal claim because, taken at Plaintiff's word, the claim would be within the scope of § 502(a), and removal would be proper under the doctrine of complete preemption.  In other words, Plaintiff has dressed a federal claim in state claim clothes.  Yet, at the same time, taking Defendant at its word, Horizon's defense to the claim (no assignment) negates the quintessential element that makes the underlying claim a federal matter: standing to file a claim under 502(a).  In essence, Horizon argues that it would be wrong for the Court to deny jurisdiction solely because of its own defense.  Absent any authority directly supporting its objection, the Court is not persuaded.

  Horizon's argument disregards the importance of a defendant's burden in seeking removal.  Federal courts are courts of limited jurisdiction, and there is a strong presumption against removal.  *E.g.*, *Entrekin v. Fisher Scientific Inc.*, 146 F. Supp. 2d 594, 604 & n.9 (D.N.J. 2001); 16 Moore's Federal Practice—Civil § 107.06.  The Third Circuit has recognized that all doubts must be resolved in favor of remand.  *Boyer*, 913 F.2d at 111 (citation omitted).  Whereas plaintiff bears the burden of establishing jurisdiction when it files a claim in federal court,

defendant bears the burden of establishing jurisdiction when it removes a claim to federal court. *Id.* Moreover, if a defendant's federal law defense ("It's really a federal case") cannot establish jurisdiction under *Mottley* and its progeny where the plaintiff bears the burden of demonstrating jurisdiction, it would make little sense for this Court to rule that a defense defeating Plaintiff's hypothetical federal claim ("It's not really a federal case") establishes jurisdiction where defendant bears the burden for removal.

  Magistrate Judge Salas wisely noted that the Court cannot determine the scope of the assignment without proof of the assignment. A court within this District denied reconsideration of remand in a similar case where the defendant's evidence supporting the assignment did not specify the scope of the assignment. *Cooper Hosp. Med. Ctr. v. Seafarers Health & Benefits Plan*, No. 05-5941, 2007 WL 2793372, at *3 (D.N.J. Sept. 25, 2007). Here, the Court has no evidence to review. All the Court has is Plaintiff's generalized assertion that it is an "assignee[] and/or third-party beneficiary of the contracts of health insurance between [its] patients who are Horizon subscribers and Horizon." (Compl. at ¶ 19.) The Court thus has no way to determine whether the purported assignment conferred only rights to reimbursement of medical services (beyond the scope of ERISA) or the full benefits of the insurance plan (within the scope of ERISA). *See Cooper*, 2007 WL 2793372, at *3. Horizon's reliance on the language in the Complaint is to no avail. Vague references to a common practice of non-network providers (Compl. at ¶ 13) and a purported assignment of benefits to NJCS (Compl. at ¶¶13, 19) fail to conclusively establish that NJCS has a complete assignment of its patients' health insurance benefits. Consequently, the absence of evidence leaves this Court with grave doubt that Plaintiff would have standing to sue under ERISA. Such doubt augers in favor of remand.

In the absence of any evidence of the assignment, Defendant cannot reconcile its removal burden of proving Plaintiff's standing under ERISA and its defense that would effectively negate Plaintiff's standing.  Therefore, Horizon has not met the *Pascack* test; it has not established this Court's jurisdiction.  For these reasons, and for the reasons stated by Magistrate Judge Salas, the Court will grant Plaintiff's motion and remand.

### III.  CONCLUSION

For the above reasons it is therefore hereby ORDERED that Magistrate Judge Salas's August 7, 2008 Report and Recommendation (Doc. No. 6) is ADOPTED, and Plaintiff's motion to remand (Doc. No. 4) is GRANTED.  Accordingly, it is hereby ORDERED that this case is REMANDED to the Superior Court of New Jersey.  The Clerk shall mark this matter CLOSED.

Newark, New Jersey
Dated: September 17, 2008

/s/ Harold A. Ackerman
U.S.D.J.